IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **JAMAAL RUSS,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**OBAY, LLC D/B/A ROMEO'S PIZZA AND ARAFAT ABUQAYAS,**<br><br>**Defendants.** | Civil Action No. _____ |

# COMPLAINT

Plaintiff Jamaal Russ ("Russ") brings this Complaint against Defendants Obay, LLC d/b/a Romeo's Pizza ("Obay") and Arafat Abuqayas ("Abuqayas") (collectively "Defendants") and shows this Court as follows:

## I. INTRODUCTION

This is a wage and hour case and Defendants are Russ' former employers. During his employment, Russ drove his own automobile to deliver pizza and other food items to Defendants' customers. Defendants failed to reimburse Russ for any costs of operating his vehicle during these deliveries. Because Russ' automobile

and mileage costs were substantial, they brought Russ' actual regular hourly rate below the minimum wage and violated the FLSA's requirement that an employee earn the required minimum wage "free and clear" of any benefits the employee— here the mileage costs—reimburses the employer.

## II. JURISDICTION AND VENUE

1.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution and FLSA §16(b), 29 U.S.C. §216(b), 28 U. S.C §§ 1331 and 1337, because this case arises under the FLSA, a federal statute that affects interstate commerce.

2.

Venue properly lies in the Northern District of Georgia pursuant to 28 U.S.C. § 1391 because Obay's principal business address is located in this judicial district, Abuqayas resides in this judicial district, and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## III. PARTIES

3.

Russ is a natural person whom resides in Fulton County, Georgia.

4.

Obay is a domestic limited liability company organized under the laws of the State of Georgia.

5.

Obay is subject to the personal jurisdiction of this Court.

6.

Obay may be served with process through its registered agent Arafat Abuqayas at 4301 Sloan Square, NE, Atlanta, Georgia 30329.

7.

Abuqayas is a natural person residing in DeKalb County, Georgia.

8.

Abuqayas is subject to the personal jurisdiction of this Court.

9.

At all times material to this action, Abuqayas has been the owner of Romeo's Pizza.

10.

Abuqayas may be served with process at his residence located 4301 Sloan Square, NE, Atlanta, Georgia 30329, or wherever he may be found.

## IV. ENTERPRISE COVERAGE

11.

At all times during the Relevant Time Period (*i.e.* January 13, 2017 through June 5, 2017), Obay was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA, § 6(a), 29 U.S.C. § 206 (a).

12.

During 2017, Obay had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

13.

At all times material hereto, Russ and other employees of Obay utilized and handled goods which moved in interstate commerce in the furtherance of the commercial purpose of Obay including food, food packaging materials, vehicles, gasoline, engine oil and cell phones.

14.

During 2017, Obay had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

15.

During 2017, Obay had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

16.

At all times material hereto, Obay has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

## V.   EMPLOYER / EMPLOYEE RELATIONSHIP

17.

At all times material hereto, Obay was an "employer" of Abuqayas as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

18.

At all times material hereto, Russ was an "employee" of Obay as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

19.

At all times material hereto, Abuqayas exercised operational control over the work activities of Russ.

20.

At all times material hereto, Abuqayas was involved in the day to day operation

of Obay.

21.

At all times material hereto, Obay vested Abuqayas with supervisory authority over Russ.

22.

At all times material hereto, Abuqayas exercised supervisory authority over Russ.

23.

At all times material hereto, Abuqayas scheduled Russ' working hours or supervised the scheduling of Russ' working hours.

24.

At all times material hereto, Abuqayas exercised authority and supervision over Russ' compensation.

25.

At all times material hereto, Abuqayas was an "employer" of Russ as defined in FLSA § 3(d), 29 U.S.C. §203(d).

26.

At all times during the Relevant Time Period, Defendants' managers exercised supervisory authority over Russ.

27.

At all times during the Relevant Time Period, Defendants exercised the

authority to impose discipline upon its employees, including warnings, suspensions, and terminations.

28.

At all times during the Relevant Time Period, Defendants paid all costs associated with advertising, marketing, and promoting Defendants' business.

29.

At all times material hereto, the work performed by Russ was integral to Obay's business purpose (*i.e.*, a restaurant).

30.

At all times material hereto, Russ did not invest in Obay's business such that he shared any significant risk of loss.

31.

At all times material hereto, Russ did not utilize any special skills in the course of his work for Obay.

32.

At all times material hereto, Obay exercised significant, if not total control over the amount of Russ' pay.

33.

At all times material hereto, Obay exercised significant, if not total control over Russ' work hours.

## VI. LACK OF EXEMPTION

34.

At all times material hereto, Russ was paid on an hourly basis.

35.

Obay did not employ Russ in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

36.

At all times material hereto, Obay did not employ Russ in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

37.

At all times material hereto, Obay did not employ Russ in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

38.

At all times material hereto, Obay did not employ Russ in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

39.

At all times material hereto, Obay were not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

## VII. ADDITIONAL FACTUAL ALLEGATIONS

40.

During the relevant time period, Defendants employed Russ as a delivery driver and dishwasher.

41.

During the relevant time period, Defendants compensated Russ at an hourly rate of $5.00 per hour plus $1.50 for each delivery you performed.

42.

At some point in or about April 2017, Defendants changed Russ' rate of pay to $7.25 per hour, but changed it back to $5.00 per hour soon thereafter.

43.

During the relevant time period, Russ regularly worked 5 shifts for Defendants during most work week.

44.

At times during the relevant time period, Russ worked 6 shifts for Defendants during some work weeks.

45.

At all times material hereto, Russ regularly worked for Defendants 5 hours during each work shift.

46.

At all times material hereto, Russ regularly worked for Defendants approximately 25-30 hours during each work week.

47.

At all times material hereto, Russ regularly performed 8-10 deliveries during each work shift.

48.

At all times material hereto, Russ regularly drove approximately 50 to 75 miles performing deliveries on behalf of Defendants during each work shift.

**VIII.   ADDITIONAL MINIMUM WAGE FACTUAL ALLEGATIONS**

49.

Section 6 of the FLSA (29 U.S.C. § 206) requires that Defendants compensate Russ at a minimum rate of $7.25 per hour.

50.

At all times material hereto, Obay required its delivery drivers to maintain and pay for safe, legally-operable, and insured vehicles when delivering pizza and food items.

51.

At all times material hereto, Russ used his own automobiles to deliver pizza and other food items to Obay's customers.

52.

As a result of using his own automobile for Obay's delivery service, Russ incurred expenses for gasoline, insurance, depreciation of their vehicle's value, and other expenses related to the operation of their vehicle (collectively referred to as "Mileage Expenses").

53.

At all times material hereto, the IRS business mileage reimbursement rate ranged between $.555 and $.575 per mile.

54.

Because of the nature of deliver, Russ likely incurred greater costs than the IRS reimbursement rate because of the nature of the delivery business including frequent starting and stopping of the engine, frequent braking, shorter routes as opposed to highway driving, and driving under time pressures.

55.

At all times material hereto, Obay did not reimburse Russ for any Mileage Expenses.

56.

At all times material hereto, Defendants did not charge their customers service charges meant to reimburse Russ for any Mileage Expenses.

57.

Under 29 C.F.R. § 531.35, "the wage requirements of the FLSA will not be met

where the employee 'kicks-back' directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee."

58.

A "kickback" specifically occurs when the costs of tools required for the performance of the employee's particular work "cuts into the minimum or over time wages required to be paid under the Act." See 29 C.F.R. § 778.217(a).

59.

The Mileage Expenses incurred by Russ are illegal kickbacks and violate the FSLA in that Russ did not earn the required minimum wage in "free and clear" compensation.

60.

At all times material hereto, Russ incurred unreimbursed Mileage Expenses sufficient to cause his effective hourly rate to fall below the statutory minimum wage of $7.25 per hour.

### COUNT I — FAILURE TO PAY MINIMUM WAGE

61.

The allegations in the previous paragraphs are incorporated by reference as if fully set out herein.

62.

At all times material hereto, Russ has been an employee covered by the FLSA

and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

63.

During the Relevant Time Period, Defendants failed to compensate Russ at an hourly rate above or equal to the minimum wage as established in accordance with Section 6 of the FLSA.

64.

During the Relevant Time Period, Defendants willfully failed to compensate Russ at an hourly rate above or equal to the minimum wage as established in accordance with Section 6 of the FLSA.

65.

As a result of the underpayment of minimum wages as alleged above, Russ is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

66.

As a result of the underpayment of minimum wages as alleged above, Russ is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b), declaratory and injunctive relief, and reimbursement of his reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff requests that this Court:

a. Award Plaintiff an amount to be determined at trial against Defendants, jointly and severally, in due but unpaid minimum wages due under the FLSA plus additional like amounts in liquidated damages;

b. Award Plaintiff prejudgment interest on all amounts owed;

c. Award Plaintiff compensation for reimbursement of mileage expenses;

d. Award Plaintiff his reasonable attorney's fees and costs of litigation; and

e. Award any and such other relief this Court deems just, equitable and proper.

Respectfully submitted,

**DELONG, CALDWELL, BRIDGERS, FITZPATRICK & BENJAMIN, LLC**

*/s/ Charles R. Bridgers*
Charles R. Bridgers
Georgia Bar No. 080791

3100 Centennial Tower
101 Marietta Street NW
Atlanta, GA 30303
404.979.3150
404.979.3170 (fax)
charlesbridgers@dcbflegal.com
kevin.fitzpatrick@dcbflegal.com

*/s/ Kevin D. Fitzpatrick, Jr.*
Kevin D. Fitzpatrick, Jr.
Georgia Bar No. 262375